**William G. Young**
**Justice of the Superior Court**

**William NITKIN, Trustee,**
**Plaintiff**

v.

**BROOKLINE RENT**
**CONTROL BOARD,**
**Paul NITKIN and Marla KAHN,**
**Defendants**

**No. 133881**

Superior Court
Commonwealth of Massachusetts

**February 19, 1982**

**Sydney Heimberg,** counsel for plaintiff.
**Roger Lipson,** counsel for defendant.

### FINDINGS, RULINGS, ORDER AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#### Background

By his complaint for judicial review which commenced this action, the plaintiff William Nitkin, as Trustee, requests that this court review, pursuant to G.L. c. 30A, the defendant Brookline Rent Control Board's May 12, 1981 decision "that 27 Stearns Road, Apts. 3 and 4 are not exempt from rent control on the grounds that said units are not rental units, the construction of which was completed on or after January 1, 1969, nor are housing units created by conversion from a non-housing to a housing use after said date in accordance with Section 3(b)(2) of Article XXXVIII of the By-Laws of the Town of Brookline." The plaintiff has moved for summary judgment claiming in effect that the defendant committed error as a matter of law in not granting his requested exemption. The defendant, of course, opposes that motion. For the reasons set out below, partial summary judgment is granted to both parties, see, **Charles Bank Apartments, Inc., v. Boston Rent Control Administration,** Mass. Adv. Sh. 249, 250 (1980), and this action is remanded to the defendant for further proceedings consistent with the particulars of this decision.

#### Findings, Rulings and Memorandum of Decision

All of the facts material and relevant to the relief sought by the plaintiff both in his complaint and in his motion for summary judgment as well as the facts material and relevant to the defendant's opposition to plaintiff's motion for summary judgment are set out in the defendant's "Official Record" ("the Record") filed in support of its May 12, 1981 decision and are essentially undisputed. The record indicates that on October 30, 1969, the plaintiff applied to the Town of Brookline for a building permit and a permit was thereafter issued to him allowing him to convert the second floor of the residential premises situated at 27 Stearns Road in the Town of Brookline from one apartment to two apartments. Thereafter, a substantial amount of work costing approximately $10,000 was performed pursuant to that permit at the premises which work is set out at page 11 of the Record. In sum, two entirely new apartments were created in the space where one apartment previously existed. Among other work accomplished, new walls were constructed while other walls were demolished; an existing kitchen and bathroom were replaced and a new kitchen and bathroom were installed where none previously existed, and a new front door was created for one apartment and a new back door was created for the other apartment.

By Application for Certificate of Exemption dated March 27, 1981, the plaintiff applied to the defendant to exempt from rent control the two rental units referred-to above claiming that they were "rental units the construction of

which was completed on or after January 1, 1979 or which are housing units created by conversion from a nonhousing to a housing use on or after said date." After hearings, the defendant determined that "The work performed on the second floor apartment at 27 Stearns Road does not amount to 'new construction' of rental units and the evidence does not warrant a finding that Apartments 3 and 4 at 27 Stearns Road are rental units, the construction of which was completed on or after January 1, 1969." The defendant subsequently denied the plaintiff's request for reconsideration of that decision.

In its memorandum of law in support of its opposition to plaintiff's motion for summary judgment, the defendant argues that because "These units were not created as a result of new construction nor were they created as the result of such substantial rehabilitation as to constitute the equivalent of new construction" . . .(the) "Subdivision of an existing apartment into two smaller apartments in 1969 does not create rental units the construction of which was completed on or after January 1, 1969 within the meaning of Section 3(b)(2) of Article XXXVIII." The defendant urges that "This does not comply with the intent of sec. 3(b)(2) of Article XXXVIII which can be inferred as a legislative incentive for developers to construct new housing units." The defendant raises the issue of estoppel by asserting that "Where the landlord has submitted two rental units to the jurisdiction of the Rent Control Board for the past eleven years, he should be estopped from now claiming that they are exempt as rental units the construction of which was completed on or after January 1, 1969."

In his brief in support of motion for summary judgment the plaintiff argues in effect that the plain language of the applicable By-Law provision mandates exemption of Apartments 3 and 4 as "rental units the construction of which was completed on or after January 1, 1969." The plaintiff urges further that the terms "new construction" and "substantial rehabilitation" which the defendant argues should control when construing the applicable By-Law amount to an unwarranted and unnecessary gloss on language that is clear on its face.

In response to those arguments ably advanced by both counsel, the applicable law appears at first glance to be rather clear and straightforward. Section 3 of Article XXXVIII of the By-Laws of the Town of Brookline entitled **Rent and Eviction Control By-Law** defines at subsection (b)(2) among the exceptions to "controlled rental units" "rental units the construction of which was completed on or after January 1, 1969 . . . ." Applying that language to the facts here would result in two exempt rental units where one controlled rental unit previously existed. That result flies in the face of the obvious legislative intent set out in "Section 1. Declaration of Emergency" of Article XXXVIII which in part refers to "insufficient new housing construction as a cause of the substantial and increasing shortage of rental housing accommodations and . . . abnormally high rents" which led to the adoption of Article XXXVIII. Therefore, the only reasonable and appropriate manner to construe sec. 3(b)(2) is to read it with the word "new" in mind as modifying the word "construction."[1] There is no similar support either in sec. 1 or in a regulation adopted by the defendant[2] for the modifying language "substantial rehabilitation" urged by the defendant.

---

1. See, **e.g., Labor Relations Commission v. Board of Selectmen of Dracut,** 374 Mass. 619, 624 (1978) where the Court restated the legal axiom that "all statutes must be construed, where capable, so as to constitute a harmonious whole consistent with the legislative purpose...Such purpose is to be gleaned...from the supposed end to be corrected and from the objective sought to be attained."
2. None has been brought to this Court's attention.

The obvious objective sought by the language of sec. 3(b)(2) is to encourage the construction of new rental units while the entire thrust of Article XXXVIII is to preserve existing rental units subject to rent and eviction control. A result consistent with Article XXXVIII's legislative intent and the specific language of sec. 3(b)(2) is that one of the plaintiff's rental units should remain subject to rent control and the other should be exempt,[3] and this case is remanded to the defendant to make that decision. The defendant's argument with respect to estoppel is without merit.[4]

**Order**

As a final judgment, this matter is remanded to the defendant to exempt either Apartment 3 or Apartment 4 at 27 Stearns Road from Article XXXVIII.

**Paul G. Garrity**
**Justice of the Superior Court**

---

3. As indicated by the Court in **Massachusetts Mutual Life Insurance Company v. Commissioner** 363 Mass. 685, 690 (1973), "It is our duty, however, to interpret a statute, if possible, so as to make it an effective piece of legislation in harmony with common sense and sound reason."

4. There has been no evidence of any reliance by any person upon the plaintiff's previous inaction. "Estoppel...may be found when one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequences might follow." **Baglio v. New York Central Railroad**, 344 Mass. 14, 19 (1962).